FILED
SUPERIOR COURT
OF GUAM

2014 MAR -4 PM 2: 41

CLERK OF COURT
BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOGLE OF GUAM ) CRIMINAL CASE NO. CM511-13
) 
) **DECISION AND ORDER**
) 
vs. ) Defendant's Motion for Civil Compromise
) 
) 
JOSHUA JON MAFNAS, ) 
) 
Defendant. ) 

### INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 19, 2014 on Joshua Jon Mafnas' ("Defendant") Motion for Civil Compromise. Defendant was represented by Public Defender Eric D. Miller. The People of Guam ("the People") were represented by Assistants Attorney General Lisa D. Lorig and Jordan M. Leidel. The parties submitted on their respective briefs and the Court took the matter under advisement. Upon review of the evidence, written arguments and legal authorities presented by the parties, the Court hereby issues this Decision and Order **GRANTING** Defendant's motion.

### BACKGROUND

Defendant was charged with Criminal Trespass (as a Misdemeanor) alleged to have occurred on April 4, 2013. It is alleged that Defendant was seen standing at the front door of Serafin Monte G. Mafnas' residence when Guam Police Department officers arrived. Serafin Monte G. Mafnas is the Defendant's father. Defendant's father yelled at Defendant, "get out of my house, you know you are not allowed to be here, I told you many times, how did you get in here," and repeatedly yelled "get out of my house." *See Magistrate's Complaint* (Apr. 5, 2013).

Defendant was scheduled for an arraignment on June 26, 2013. However, Defendant did not appear in court. As a result a Bench Warrant was issued in the amount of One Thousand Dollars cash. Defendant appeared before this Court on a Return of Bench Warrant on September 16, 2013. He waived his right to a speedy trial and a stay away order from his father was lifted.

On November 25, 2013, Defendant's father, the alleged Victim, filed a Declaration under penalty of perjury acknowledging satisfaction for the injury and not objecting to dismissal of this case by way of Guam's Civil Compromise statute. Similarly, Defendant filed the instant motion on December 23, 2013. On January 9, 2014, the People filed their opposition, and the Court heard the matter February 19, 2014.

## DISCUSSION

Defendant moves the Court to dismiss the People's Complaint pursuant to 8 GCA § 80.90(b). Defendant argues that "the alleged victim has filed a Notice and Declaration stating that he has received satisfaction for the injury." *Def.'s Mot. for Civil Compromise* at 2 (Dec. 23, 2013). Defendant also argues that "Guam law provides that where the victim would have a remedy by civil action, the Court has the discretion to dismiss an action that is a misdemeanor where a declaration has been filed by the victim stating satisfaction." *Id.*

The People oppose Defendant's motion. They rest their argument on three grounds: (1) the civil injury was not coextensive with the criminal violation; (2) the injury to the public would not be fully vindicated through private settlement; and (3) the nature of the Victim's voluntary settlement is not satisfactory. *See People's Opp'n Mot.* at 3-4 (Jan. 9, 2014).

Misdemeanors may be compromised in accordance with Guam law. Guam's Criminal Procedure provides when misdemeanors may be compromised as follows:

(a) When the defendant has been charged with the commission of an offense which is not a felony for which the person injured by the act constituting the offense has a remedy by a civil action, the offense may be compromised as provided by the Section.

(b) If the person injured appears before, or files his declaration in, the court in which the criminal action is pending at any time before trial and acknowledges that he has received satisfaction for the injury, the court may, on payment of the costs incurred, order the criminal action dismissed.

(c) A dismissal under this Section is a bar to another prosecution of the same offense.

8 GCA § 80.90

Section 80.90 is based on California Penal Code §§ 1377 and 1378. California case law is persuasive when there is no compelling reason to deviate from California's interpretation. *Zurich Ins. (Guam), Inc. v. Santos*, 2007 Guam 23 ¶ 7. As such, the legislative purpose behind allowing civil compromise of criminal misdemeanors is not to guarantee a victim maximum compensation for the injury, but to remove from criminal prosecution those offenses for which there is a civil remedy available. *People v. Stephen*, 182 Cal. App.3rd 14, 27 (1986). The rationale for this legislative purpose, as indicated in *Stephen*, is that the public interest in those cases is best served by requiring the accused to make restitution directly and immediately to the individual victim instead of subjecting the accused to criminal sanctions for the welfare of society in general. *Id.*

In *People v. Moulton*, 131 Cal.App.3d Supp. 10 (1982), the Court held that various factors may be taken into consideration by a trial judge in determining whether to dismiss a misdemeanor criminal prosecution under a civil compromise statute. These factors include (1) whether the civil injury was coextensive with the criminal violation; (2) whether the circumstances were such that through private settlement the injury to the public was fully

vindicated; and (3) whether the victim's settlement agreement was made voluntarily. *Id.* at 21-23.

In the instant case, the Defendant is charged with Criminal Trespass (as a Misdemeanor). The Court finds that there is a civil remedy available under Guam law. Since a civil remedy was readily available at the inception of this criminal case, it may be deduced that the civil injury was coextensive with the criminal violation.

In regards to whether the circumstances are such that through private settlement the injury to the public would be fully vindicated, the *Moulton* court held that the seriousness of the injury, as well as the circumstances of the commission of the offense, are taken into consideration in "determining whether a civil satisfaction adequately vindicates the public's interest in enforcing its criminal laws." *Id.* at 23. In the instant case, the alleged criminal trespass occurred at the Defendant's father's residence. The Court is satisfied with the Declaration submitted by the Victim and finds that unification of family members will be meted out as a result of this case' dismissal.

Lastly, in regards to whether the victim's settlement agreement was made voluntarily, this Court recognizes that the Victim submitted a Declaration. The Declaration states that the victim understands he has a remedy through civil action. The Court is not in a position to second guess the Declaration, considering it was submitted under penalty of perjury. Therefore, the Court accepts that the victim has voluntarily made his Declaration.

The Court finds that Defendant Mafnas' motion provides both the legal and factual basis to approve dismissal pursuant to 8 GCA § 80.90 for the following reasons: (1) The acts constituting the offense have a remedy by civil action; (2) the injury suffered by the victim was not serious in nature and private settlement would fully vindicate any injury to the public; and

(3) the victim has submitted a declaration under penalty of perjury that he has received satisfaction for the injury and would like for the Attorney General's Office to dismiss this case by way of civil compromise. There is no information provided to the Court of any costs incurred as a result of this incident. Therefore, the Court **GRANTS** Defendant Mafnas' motion recognizing that the civil compromise statute as applied in the instant case serves the interests of justice, judicial economy and fairness to the parties.

## CONCLUSION

By preponderance of the evidence and based on the foregoing reasons, the Court **GRANTS** Defendant Mafnas' Motion for Civil Compromise. The case is hereby dismissed.

**SO ORDERED** this ___4___ day of _MARCH_ , 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_AG/PSC_

Date: MAR 4 2014 Time: 2:45 pm

Deputy Clerk, Superior Court of Guam